IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jimmie Lee Stukes, | ) | C/A No. 3:08-3662-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **REPORT AND** |
| Dynacorp International LLC, | ) | **RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This is a civil action filed by a *pro se* plaintiff. Under Local Civil Rule 73.02(B)(2) DSC, pretrial proceedings in this action have been referred to the undersigned United States Magistrate Judge.

By order dated November 25, 2008 (Docket Entry 8), the court granted the plaintiff's motion to proceed *in forma pauperis* and directed the plaintiff to submit a Form USM-285 and to answer Special Interrogatories. The Special Interrogatories asked the plaintiff to specify what relief (if any) he is seeking in this case.[1]

A copy of the court's November 25, 2008 order and the required documents were mailed to the plaintiff by the Clerk's Office. (Docket Entry 9.) The order notified the plaintiff that he must bring his case into proper form within twenty (20) days from the date of the

---

[1]Part V (the "relief" portion) of the complaint (Docket Entry 1) is blank, except for the date and the plaintiff's signature. When a litigant has failed to ask for relief, a federal district court "is faced with the prospect of rendering an advisory opinion; federal courts may not render advisory opinions, however." Humphreys v. Renner, 1996 WL 88804 (N.D. Cal., Feb. 26, 1996), following FCC v. Pacifica Foundation, 438 U.S. 726, 735 (1978) ("[F]ederal courts have never been empowered to issue advisory opinions."). See also Public Service Co. v. United States Environmental Protection Agency, 225 F.3d 1144, 1148 n.4 (10th Cir. 2000) (company's failure to ask for relief constitutes a request for an advisory opinion, which is barred by Article III).

PJG

order or the court may dismiss his case for failure to prosecute.  No response to the order

of November 25, 2008, has been received from the plaintiff.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the above-captioned

case without prejudice and without issuance and service of process because the plaintiff

has not complied with the court's order of November 25, 2008.  See In Re: Procedures in

Civil Actions Filed by Non-Prisoner Pro Se Litigants, 3:07-MC-5015-JFA (D.S.C., Sept. 18,

2007).


January 5, 2009                           Paige J. Gossett
Columbia, South Carolina                  UNITED STATES MAGISTRATE JUDGE


*The plaintiff's attention is directed to the important Notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in the waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); and Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).